STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS.                                      Docket No. CV-03-229

FILED & ENTERED
SUPERIOR COURT

May 02 2005

PENOBSCOT COUNTY

DOWNEAST TOYOTA,              )
      Plaintiff,          )
                             )
                             )
   v.    AUG 12 2005          )          **DECISION AND JUDGMENT**
                             )
                             )
J.B. FOUNDATIONS &           )
CONSTRUCTION,                )
      Defendant.          )

      Plaintiff's Complaint seeks recovery for $32,752.00, the amount it claims was necessary to complete the construction of a large steel building for which Defendant had contracted to provide certain foundation work. Defendant alleges that it has not breached the terms of the contract.

      Trial was held on April 12, 2005. The primary testimony was given by Bob Verrill, a general contractor who was constructing the building (and who was authorized to act upon Plaintiff's behalf in obtaining services necessary to facilitate the construction of the building) and Jeff Burns, the principal of J.B. Foundations & Construction, a Maine corporation. These individuals had done business before and both felt comfortable with a "handshake" arrangement in their contractual dealings. The court finds that both men are honorable in their dealings - neither undertook to intentionally mislead or take advantage of the other. The current unhappy state of affairs is due more to differences of perception and understanding regarding this project.

      Robert Verrill owns Verrill Construction. He regularly builds large steel buildings and has worked extensively with Downeast Toyota in the past. In 2002, Downeast Toyota undertook to build a large autobody repair facility upon property which it owned. Verrill accepted the project and served as construction manager.

      Verrill contacted Burns regarding the prospect of J.B Foundations & Construction doing the foundation and concrete work on the project. He advised that it was a large project which would be started very soon. Verrill created a drawing of the building and presented it to Burns along with foundation specifications very similar to the building to be built on the Downeast Toyota property (the piers, columns, footings and such were all virtually identical).

      Based upon the drawings, Burns prepared a Proposal for Verrill. After reviewing it, Verrill indicated that several items needed to be added. After they were added, a final contract price for the specified work was offered at $125,000. Despite the fact that

neither man signed the actual proposal, each expressed their intent to accept the terms and work on the site was commenced shortly thereafter (October-November, 2002).

The proposal, which constitutes their memorandum of agreement, included a section entitled "Additional Items." Burns has expressed an opinion that these are things which are not included in the contract price. Verrill has expressed a belief that they were. The proposal does not clearly identify the status of these items - either interpretation is reasonable. As an ambiguity exists, it must be construed against the drafter of the provision. Barnett v. McDonald Investments, 2005 ME 43. Accordingly, the court will deem the additional items to fall within the scope of the contract price.

Work at the site went well until December, 2002, when things slowed down. As the cold weather set in, Verrill constructed plastic walls around the structure and heaters kept the interior temperature around one hundred degrees at night and around seventy during the day.

Burns balked at doing the interior concrete pours due to the conditions at the site. During digs he found significant frost in the ground and presented this fact to Verrill. The interior floor work was deferred for a short period, but Verrill, under pressure from Downeast Toyota, became increasingly insistent that the additional work begin. Burns was equally insistent that the conditions were unacceptable. Verrill offered to take responsibility in writing for any problems which might later occur resulting from the conditions, but Burns remained resolute. Verrill looked into alternate arrangement and forwarded a certified letter to Burns asking him about his intentions in finishing the contract work, but Burns did not respond.

As Verrill began looking for another foundation contractor to finish the job, Burns apparently heard about this and felt that he might be "off the job." Verrill eventually had the work done by Rick Scripture. The actual pouring took place on or about March 31, 2003. Downeast Toyota incurred a total expense of $70,252 to complete the work described in the contract.

At the time Verrill arranged for the alternate contractor to finish the work, an additional $37,500 was due to Burns for the completion of the job. Burns is confident that he would have been able to complete the job for that amount. Burns has examined the finished work and is unable to find any patent defects or problems. Verrill denies that the higher cost of completing the project is due to additional work or unanticipated heating costs.

Upon these facts, the court finds that the Defendant did breach a material term of the contract. Plaintiff's damages are $32,752. Plaintiff is awarded its costs and prejudgment interest is awarded at 5.21% per annum and postjudgment interest is awarded at 8.21% per annum.

The Clerk may incorporate this Order upon the docket by reference.

Dated: May 2, 2005

_____
Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

SUPERIOR COURT
PENOBSCOT, ss.
Docket No BANSC-CV-2003-00229

DOCKET RECORD

DOWN EAST TOYOTA - PLAINTIFF
640 WILSON STREET
BREWER ME 04412
Attorney for: DOWN EAST TOYOTA
STEPHEN G MORRELL  - RETAINED 12/16/2003
EATON PEABODY
167 PARK ROW
PO BOX 9
BRUNSWICK ME 04011-0009


vs
J B FOUNDATIONS AND CONSTRUCTION INC - DEFENDANT
27 HUDSON ROAD
BANGOR ME 04401
Attorney for: J B FOUNDATIONS AND CONSTRUCTION INC
PETER BALDACCI  - RETAINED 01/07/2004
PO BOX 1718
BANGOR ME 04402-1718


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 12/16/2003

## Docket Events:

12/16/2003 FILING DOCUMENT - COMPLAINT FILED ON 12/16/2003

12/16/2003 Party(s):  DOWN EAST TOYOTA
           ATTORNEY - RETAINED ENTERED ON 12/16/2003
           Plaintiff's Attorney: STEPHEN G MORRELL

12/16/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/16/2003
           TO PLAINTIFF'S ATTORNEY.

01/05/2004 Party(s):  J B FOUNDATIONS AND CONSTRUCTION INC
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 12/23/2003
           AS TO DEFENDANT BY PETER K. BALDACCI, CLERK.

01/05/2004 Party(s):  J B FOUNDATIONS AND CONSTRUCTION INC
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 01/02/2004

01/09/2004 Party(s):  J B FOUNDATIONS AND CONSTRUCTION INC
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 01/07/2004
           BY PETER K. BALDACCI, ESQ., AS TO DEFENDANT J B FOUNDATIONS AND CONSTRUCTION, INC.

01/09/2004 Party(s):  J B FOUNDATIONS AND CONSTRUCTION INC
           ATTORNEY - RETAINED ENTERED ON 01/07/2004
           Defendant's Attorney: PETER BALDACCI

01/09/2004 Party(s):  J B FOUNDATIONS AND CONSTRUCTION INC
           RESPONSIVE PLEADING - ANSWER FILED ON 01/07/2004
           BY DEFENDANT.

01/20/2004 ORDER - SCHEDULING ORDER ENTERED ON 01/20/2004
           ANDREW M MEAD , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO